

United States District Court
Eastern District of New York
_____x

LLOYD W. MCCLEAN
GBENGA AWOLEYE
EGBERT LEBLANC

Case Number

Verified Complaint

       Plaintiffs,

Prospect West Assets and President Joseph Fischman,
Southwest Captital Corp, Joseph Fischman, 972 Park Corp.,
Joel Richter, Hancock Development, LLC, Mr. or Ms. Pamela
Blake, Park Place Land Corp, Justin Jacobs, Richard E. Phillips,
14128 Builders Group Corp, Barry Weiss, David Wint
Judicial Title Insurance Agency, LLC as Agent for Fidelity National
Title, Judicial Title Insurance Agency, LLC as Agent for First American
Title, Credit Suisse Financial Corp., Aegis Mortgage Corporation
Washington Mutual , Peter Brogan, Hazel M.Chambers, Tonio
M. Grant, Egerton Grant, Lehman Brothers Bank FSB, A Federal Saving
Bank, Mortgage Lenders Network, USA, Fremont Investment & Loan
Abraham Lowy, Todd Watson, Abraham Schwartz, Ensign Realty, Inc,
Junction Abstract, Inc., Parkside Realty Investment, LLC, Aaron
Wuliger, Tamerilyn M. Harris, Henry Hickman a/k/a Henry Williams and
"John Doe "1" through 20"

       Defendants.
_____x

Plaintiff states:

COMPLAINT AND JURY DEMAND

JURISDICTION

This court has subject matter jurisdiction of this action because there

is  diversity of citizenship between some of the plaintiffs and because

the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and cost.

This Court has jurisdiction also over this cause of action because the acts/conduct of the seller defendants violated Title 18, Part 1, Chapter 63 section 1344 1344 which is a Federal Statute.

This court may exercise personal jurisdiction over the defendants in that they have engaged in business with in Brooklyn, New York, Queens New York and the City and State of New York.

1. The plaintiff, Lloyd W. MCClean ( here in after called plaintiffs)is and has at all times mentioned a resident of the City of New York, County of Kings, State of New York , a citizen of the State of New York.

2. The plaintiff, Gbenga Aloweye (herein after called plaintiffs) is and has at all times mentioned, a resident of City of New York, County of Kings, State of New York and a citizen of the State of New York.

3. The plaintiff, Egbert Leblanc ( herein after called plaintiffs) is and has at all times mentioned, a resident  New Jersey and a citizen of the State of New Jersey.

4. Defendant sellers' agents, appraisers, notary of the public, title companies, underwriters, real estate brokers, granters of title with out appropriate authority Letters of Administration, Letters of

Testamentary) from New York Surrogates Court Kings County of the properties which resulted in the granting of mortgages for the premises 972 Park Place, Brooklyn, New York, ($700,000.00) 476 Gates Avenue, Brooklyn, New York, ($650,000.00) 114 28th Street, Brooklyn, New York, ($650,000.00) 64 Hancock Street, ($800,000.00) Brooklyn, New York, 1426 Putnam Avenue, Brooklyn, New York, ($565,000.00) 164-25 A 109th Street, Jamica, New York, ($580,000.00) all of defendant sellers are either corporations or individuals with their principal place of business in New York State Prospect West Assets, Joseph Fischman, Southwest Capital Corp., 972 Park Corp, Joel Richter, Hancock Development, LLC, Park Place Land Corp, Justin Jacobs, Richard E. Phillips, 14128 Builders Group Corp, President Joseph Fischman, Tamerilyn M. Harris, Henry Hickman, A/K/A Henry Williams, David Wint, Judicial Title Insurance Agency, for Fidelity National Title Judicial Title Insurance As Agent for First American Title Peter Brogan, Hazel M. Chambers, Tonio Grant, Egerton Grant, Parkside Realty Investment LLC, Abraham Lowry, Todd Watson, Abraham Schwartz, Ensign Realty Inc., Junction Abstract Inc., Parkside Realty Investments LLC, Aaron Wuliger,( herein after called Defendant sellers) and John Doe "1" through " 20".

5. Defendant lending institutions, Credit Suisse Financial Corp, Aegis Mortgage Corporation, Washington Mutual, Fremont Investment &

Loan, Lehman Brothers Bank, FSB, A Federal Saving Bank, Mortgage Lenders, Network USA ( herein after called defendant lending institutions).

Claim for Relief

As and For a first cause of action

1. Defendant sellers, Deceitfully and fraudulently misrepresented facts to plaintiffs in and defrauded the plaintiffs and defendant mortgage lenders.

2. Specifically, defendant sellers misrepresented the number of units in the building known as 972 Park Place, Brooklyn, New York. This property was represented to plaintiff, Lloyd W. MCClean as a single one family dwelling when it actually contains 7 class B rooms and one class A apartment and is a rent stabilized building in New York City. The statement were false and known to be false by the agents, servants and employees of defendants and as done was successful in assisting plaintiffs, in obtaining mortgage loans which far exceeded the value of the property.

3. Defendants, misrepresented the number of units in the premises known as 64 Hancock Street, represented to Plaintiff, Gbenga Aloweye that it contained two apartment units when it in fact contains 7 class B

room and 1 class A apartment and is a rent stabilized building in New York City. The statements were false and known to be false by the agents, servant and employees of defendants and as done was successful in assisting plaintiffs in obtaining mortgage loan which far exceeded the value of the property.

4. Defendant, Parkside Realty Investment LLC misrepresented to Plaintiff, Egbert Leblanc that the premises 1426 Putnam Avenue was a three family apartment building when it is actually a 6 family building contained 6 apartments and is a rent stabilized premises in New York City. The statements were false and known to be false by the agents, servants and employees of defendants and done and was successful in assisting plaintiffs in obtaining mortgage loan which far exceeded the value of the property.

5. Defendant sellers misrepresented the actual market value of each premises that the plaintiffs obtained mortgages on by making false statement and documented the value of each property for an amount far in excess of its actual value. The statement made were false and known to be false by the agents, servants and employees of defendant sellers and as done was successful in assisting plaintiffs in obtaining mortgages loans which far exceeded the actual market value of the property.

6. Defendant sellers abused their licensing authority such as

appraiser's license, notary licenses, title company licenses by using their licenses to deliberately misrepresent the actual market value of the properties and the number of unit in the premises that the plaintiffs obtained mortgages for in amount which exceeded $3,000,000.00. These statements made by defendant sellers were false and known to be false and as done was successful in assisting plaintiffs in obtain mortgage loans which far exceeded the actual mortgage value of the property.

7. Defendant seller's used the misused and abused plaintiffs' identity and credit records and submitted applications to lending institutions( mortgagees) which showed that the plaintiffs' earned substantially more income then their actual income. These statements were false and known to be false by the agents, servants and employees of defendant sellers and as done were successful in assisting plaintiff, in obtaining mortgage loans which far exceeded the value of the property.

8. Defendant sellers oppressive exploited acts have caused the plaintiffs' one of whom is 74 years of age, Mr. Lloyd W. MCClean and one is a permanent resident, Gbenga Aloweye to become unwilling participants in a bank fraud scheme which could subject them to imprisonment or to deportation.

9. Defendant sellers upon information and belief sold to plaintiffs

Lloyd W. MCClean and Debenga Aloweye properties they did not actual own by deeding to them properties obtained by fraudulent deeds.

One property known as 476 Gates Avenue, Brooklyn, New York is currently the subject of a Turn-Over proceedings in Kings County Surrogates Court where the heirs and the Administrator of the Deceased owner have alleged that the property was deeded by a person who was not related to the owner of this property. These statements and deeds made defendant sellers were known to be false by the agents, servants and employees of defendant sellers and as done was successful in assisting plaintiff in obtaining mortgage loans which far exceeded the value of the property and where the plaintiffs' borrower did not have good title to the property.

10. In March, April and May, 2006, at the time they were first were made aware of the claim, defendant sellers make statements to plaintiffs and plaintiffs' mortgage lending institutions, in a false, deceitful manner without plaintiffs knowing the significant of said statements. The statements made to plaintiffs' mortgage lending institutions in the borrowers' applications were deliberately misrepresented in the borroweres' mortgage applications records when plaintiffs, mortgaged each property known as 972 Park Place, Brooklyn, New York 64 Hancock Street, Brooklyn, New York, 114-28 th

Street, Brooklyn, New York, 476 Gates Avenue, Brooklyn, New York, and 164 25 A 109th Street, Jamaica, New York and the statements made by defendants were deliberately misrepresented in the closing records, applications to obtain mortgages loans to allow the purchase of the aforementioned properties by plaintiffs for the sole purpose of fabricating a basis for plaintiffs to purchase the properties known by the addresses of 972 Park Place, Brooklyn, New York , 64 Hancock Street, 114-28th Street Brooklyn, New York, 476 Gates Avenue, Brooklyn, New York, 1426 Putnam Avenue, Brooklyn, New York and 164-25 A 109th Rd., Jamaica, New York.

11. As a direct and proximate result of the fraudulent conduct and misrepresentations by defendant sellers, their agents, servants, and employees in misrepresenting the number of units actual market value of the premises, submitting fraudulent loan applications for the plaintiffs, for the purchase of said premises and as a result which caused plaintiff, Lloyd W. MCClean to obtain mortgages in the amount of $700,000.00 on the premises 972 Park Place, Brooklyn, New York, and Plaintiff, Gbenga Aloweye in obtaining a mortgages in the amount of $800,000.00 and  $ 580,000.00 and Egbert Leblanc in obtaining a mortgage in the amount of $565,000.00 plaintiffs, have sustained compensable losses, including attorney's fees, out-of-pocket expenses for an investigation and preparation of this lawsuit, economic losses,

interest on the sum of money due, the value of plaintiffs' time, loss of credit and emotional suffering, embarrassment, and humiliation, plus the physical and emotional distress and possible criminal indictment, criminal trial and or deportation for bank fraud.

12. In doing the acts described in this cause of action in this complaint, the defendant sellers acted deceitfully, oppressively, maliciously and outrageously towards plaintiffs, with a constant disregard of plaintiffs' known rights and with the intention of using the plaintiffs' economic and financial power and position to the detriment of plaintiffs and with the intention of benefiting defendant sellers financially and of intentionally causing or recklessly disregarding the probability of causing emotional distress to plaintiffs, possible criminal charges and deportation. Therefore, the plaintiffs are entitled to recover punitive and exemplary damages against the defendants.

AS AND FOR A SECOND CAUSE OF ACTION

13. That defendant lending institutions while engaged upon information and belief in predatory lending practices in the boroughs of Brooklyn, New York and Jamaica, New York in areas inhabited predominately by individuals of African American descent loaned to

plaintiffs excessive amounts of money which far exceeded the actual value of these properties.

14. That the representations alleged above that were made by defendant sellers to defendant lending institutions, their agents and/ or employees in a careless and Negligent manner. That the defendant lending institution made upon information and belief no effort to ascertain the truthfulness or to verify the accuracy of said misrepresentations made to their lending institutions by defendant sellers and /or to ascertain the actual market value of the said properties and this information was readily available on the internet at the Acris address or the HPD addresson the internet.

15. That the defendant lending institutions loaned substantial sums of money in excess of $3,000,000.00 to Plaintiffs' without determining the actual number of units in the buildings especially where two of the properties were represented to the mortgage lending institutions as single family dwelling or two family dwellings when 64 Hancock Street, and 972 Park Place in Brooklyn, New York and where these properties contained 7 rent stabilized apartment units and each had housing violations in excess of 100 as documented by New York City Housing Preservation Development web site and failed to ascertain the actual market value of said premises and as a result the mortgage loans as

granted to plaintiffs were granted in a careless and negligent manner and represent the kind of lending practices that are predatory lending practices in areas that are inhabited by individuals of African American descent in Brooklyn, and Jamaica, New York.

15. Because of the defendant lending institutions predatory lending practices, carelessness and negligence of the defendant lending institutions, their agents and/or employees and because of the carelessness or contributory negligence on the part of the defendant lending institutions the plaintiffs have been damaged in the amount of $100,000.000.00.

JURY DEMAND

Plaintiffs' demand a jury trial.

PRAYER

Plaintiff pray damages against defendants:

1. Damages in the amount of $100,000, 000.00 for Plaintiffs on the first cause of action.

2. Damages in the amount of $100,000,000.00 for Plaintiffs on the

second cause of action.

2. The full amount of plaintiffs' attorney's fees.

3. The amount determined by the trier of fact as sufficient to compensate the defendant for the emotional and physical distress caused by the conduct of the defendants.

4. The amount determined by the trier of fact as sufficient to deter each of the defendants and to make an example of each of the defendants to others; and

5. Plaintiffs' costs of suit.

Dated: July 26, 2006
Brooklyn, New York 11221

Yours etc.,
Wilmer Hill Grier
Attorney At Law
603 Jefferson Avenue
Brooklyn, New York 11221
Office (718) 443-3873
Facsimile (718) 453 1276
E-mail whgatty@yahoo.com

# VERIFICATION

State of New York)
County of KINGS )s.s:

LLOYD W. MCCLEAN being duly sworn depose and say:
1. I am one of the Plaintiffs, in the instant Summons, Verified Complaint and I affirm under penalties of perjury that we have read the foregoing Summons and Verified Complaint and know the contents thereof.

The same is true to our own knowledge except as to matters stated to be alleged on information and belief, and as to those matters, we believe it is to be true.

Dated: July 26, 2006
Brooklyn, New York

_____
LLOYD W. MCCLEAN

Sworn to before me this 26th day of July, 2006.

_____
NOTARY PUBLIC

Wilmer Hill Grier
Notary Public State of New York
No. 06GR604133
Qualified Kings County
Commission Expires 06/28/10

## VERIFICATION

State of New York)
County of GBENGA AWOLEYE )s.s:

Gbenga Awoleye being duly sworn depose and say:
1. I am one of the Plaintiffs, in the instant Summons, Verified Complaint and I affirm under penalties of perjury that we have read the foregoing Summons and Verified Complaint and know the contents thereof.

The same is true to our own knowledge except as to matters stated to be alleged on information and belief, and as to those matters, we believe it is to be true.

Dated: July 26, 2006
Brooklyn, New York

_____
GBENGA AWOLEYE

Sworn to before me this 26 day of July, 2006.

_____
NOTARY PUBLIC

Wilmer Hill Grier
Notary Public State of New York
No. 06GR604133
Qualified Kings County
Commission Expires 06/28/10

# VERIFICATION

State of New York)
County of KINGS )s.s:

EGBERT LEBLANC being duly sworn depose and say:
1. I am one of the Plaintiffs, in the instant Summons, Verified Complaint and I affirm under penalties of perjury that we have read the foregoing Summons and Verified Complaint and know the contents thereof.

The same is true to our own knowledge except as to matters stated to be alleged on information and belief, and as to those matters, we believe it is to be true.

Dated: July 26, 2006
Brooklyn, New York

_____
EGBERT LEBLANC


Sworn to before me this 26th day of July, 2006.

_____
NOTARY PUBLIC

Wilmer Hill Grier
Notary Public State of New York
No. 06GR604133
Qualified Kings County
Commission Expires 06/28/10